Robert G. SANDSTROM,
Plaintiff–Appellant,

v.

CHICAGO & NORTH WESTERN
TRANSPORTATION COMPANY, a De-
laware Corporation, Defendant–Appel-
lee.

No. 89–5254SD.

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1990.

Decided July 9, 1990.

Don C. Aldrich, Minneapolis, Minn., for
plaintiff-appellant.

Arlo Sommervold, Sioux Falls, S.D., for
defendant-appellee.

Before ARNOLD, Circuit Judge, and
HEANEY and FRIEDMAN,* Senior
Circuit Judges.

FRIEDMAN, Senior Circuit Judge.

This is an appeal from a judgment of the
United States District Court for the Dis-
trict of South Dakota, entered on a jury
verdict, that dismissed a suit by a former
railroad employee against his employer,
seeking damages for injuries he sustained
in a railroad accident. On appeal, the em-
ployee contends that the district court
erred in refusing (1) to charge the jury
with respect to one of his contentions and
(2) to instruct the jury that assumption of
risk was not an issue in the case. We
reject both of these contentions and there-
fore affirm.

* DANIEL M. FRIEDMAN, Senior Circuit Judge,
of the U.S. Court of Appeals for the Federal
Circuit, sitting by designation.

## I.

In December 1985, the appellant Sandstrom, an employee of the appellee Chicago and North Western Transportation Company (the Railroad), was a member of a crew that was operating a snowplow on the Railroad's tracks. He was seated in the rear seat of two seats on the side of the cab of a locomotive that was pushing the plow.

For reasons never discovered by the Railroad, the snowplow derailed, jumped the tracks, and overturned, carrying the locomotive with it. Sandstrom attempted to brace himself by grabbing the seat in front of him, but the seat moved forward. Sandstrom was somersaulted forward, hit the front wall of the locomotive cab, and suffered serious injuries.

Sandstrom filed suit in the district court against the Railroad under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1982), and the Federal Boiler Inspection Act, 45 U.S.C. § 23 (1982). One of Sandstrom's contentions was that the Railroad had failed to provide him with a safe place to work, as the Employers' Liability Act required, because the seats in the locomotive cab did not have seatbelts. (The seats in the snowplow had seatbelts, and the two employees in the snowplow were not seriously injured.) The seatbelt issue was submitted to the jury, which held for the Railroad, and Sandstrom has not challenged that determination on appeal.

Sandstrom also contended that the Railroad had failed to provide a safe place to work because it had violated a regulation of the Federal Railroad Administration that seats in locomotive cabs "shall be securely mounted and braced." 49 C.F.R. § 229.119(a) (1985). The district court refused to instruct the jury on this contention, on the ground that there was no evidence to support the claim.

The district court also refused Sandstrom's request to give a curative instruction regarding assumption of risk—an issue which, Sandstrom asserted, the Railroad and the court had injected into the case. Instead, the court gave instruction 94.11 from 3 *Devitt, Blackmar & Wolff,*

Federal Jury Practice and Instructions: Civil (4th Ed.), as instruction No. 13:

> Section 4 of the Federal Employers' Liability Act (45 U.S.C.A. § 54) provides in part that:
>
>> In any action brought against any common carrier ... to recover damages for injuries to ... any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where such injury ... resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier.
>
> If plaintiff's injury is caused or contributed to by the negligent act or omission of a fellow employee, acting in the course of his employment, then the defendant employer would be responsible for the act or omission of the fellow employee.

## II.

■ Sandstrom contends that the district court should have submitted to the jury, and permitted that body to decide, the question whether the front seat was "securely mounted and braced," as the regulation required. He argues that the forward movement of the seat upon the derailment was itself sufficient evidence from which the jury could have found for him on this issue.

We disagree. The mere fact that the seat moved forward upon the derailment would not itself show that the seat was not "securely mounted and braced." The latter requirement does not mean "fixed in place" or "immovable," but only that the seat be securely attached and supported. Indeed, the record indicates that the seats were designed to be movable forward and backward because such seat movement was necessary to enable the occupant to position himself to look through the windows of the cab.

Sandstrom introduced no evidence that the seat in front of him was not "securely mounted and braced." Because of the lack of such evidence, the district court justifiably refused to submit that issue to the

jury. The district court is not required to submit to the jury a claim by the plaintiff on which he has submitted no supporting evidence. *See, e.g., Birchem v. Burlington N. R.R. Co.*, 812 F.2d 1047, 1049 (8th Cir.1987) ("A defendant is entitled to a contributory negligence instruction if there is any evidence to support the theory. If the defendant fails, however, to produce evidence of the plaintiff's lack of due care, then it is reversible error to give the instruction." (Citations omitted.)). *See, also, Moore v. McGraw Edison Co.*, 804 F.2d 1026, 1034 (8th Cir.1986) ("[T]here is no evidence of duress and therefore it would not have been proper to submit this claim to the jury.").

## III.

 It is well settled that assumption of risk is not a defense in an action under the Employers' Liability Act. *Brown v. Cedar Rapids & Iowa City Ry.*, 650 F.2d 159, 165 (8th Cir.1981). Sandstrom contends that both the Railroad and the court made statements and asked questions that would have permitted the jury to infer that he had assumed the risk; and that the court therefore should have given an additional instruction specifically informing the jury that Sandstrom could not have assumed the risk. The court refused to give an additional instruction.

The decision whether to give a further instruction in such circumstances depends upon the facts of the particular case and lies within the discretion of the district court. *Cf. Wise v. Union Pacific R.R. Co.*, 815 F.2d 55, 57–58 (8th Cir.1987). Here the district court gave the standard *Devitt, Blackmar & Wolff* instruction. This instruction quoted the statutory language governing assumption of risk and then told the jury that if the plaintiff's injury had been caused or contributed to by another employee's negligence or omission, the Railroad would be responsible for the other employee's conduct.

We cannot say the district court abused its discretion in denying the additional instruction on assumption of risk. The Railroad did not assert that defense. The com-

ments and questions that Sandstrom cites do not, either individually or collectively, raise the issue of assumption of risk so as to have required the district court to give a curative instruction. Indeed, the giving of such an instruction might have needlessly confused the jury. *See, e.g., Casko v. Elgin Joliet & E. Ry. Co.*, 361 F.2d 748, 750–51 (7th Cir.1966).

The judgment of the district court is affirmed.