Ben STERKEL, Plaintiff–Appellant,

v.

FRUEHAUF CORPORATION;
Ace Hardware Corporation,
Defendants–Appellees.

No. 91–2591.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1992.

Decided Sept. 17, 1992.

Rehearing Denied Nov. 2, 1992.

---

Kenneth Cobb, Lincoln, Neb., argued (T.J. Hallinan, on the brief), for plaintiff-appellant.

Robert D. Mullin, Omaha, Neb. argued (Robert D. Mullin, Jr., and Geoffrey V. Pohl, on the brief), for Fruehauf.

Betty L. Egan, Omaha, Neb., argued, for Ace Hardware.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Ben Sterkel appeals the district court's[1] judgment entered on a jury verdict in favor of Fruehauf Corporation on Sterkel's claim

---

1. The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska.

that Fruehauf negligently caused Sterkel's work-related shoulder injury. He asserts on appeal that the district court erred in refusing to give a requested jury instruction, in limiting the testimony of a rebuttal witness, and in denying his motion for a mistrial. Sterkel also appeals the district court's denial of his post-trial application for an order requiring his employer, Ace Hardware Corporation, to share his litigation expenses pursuant to Neb. Rev. Stat. § 48–118. We affirm.

## I.

In the fall of 1987, Fruehauf's Omaha branch accepted an offer to paint Ace Hardware trailers at a fixed price. Working under this contract, Fruehauf repainted Trailer 635, which was equipped with a rear wheel "slider," a rail mechanism that enables the driver to slide the trailer forward or backward on the axles to redistribute the trailer's weight or to allow the driver to make sharper turns. The driver makes this adjustment by using a lever attached to the slider to disengage or "pop" steel pins that attach the body of the trailer to the rails of the slider. In repainting Trailer 635, Fruehauf did not mask or grease the slider, a process which would have substantially increased the cost of the work.

On October 27, Sterkel, an Ace Hardware truck driver, took freshly painted Trailer 635 on his regular western delivery run. The next day, Sterkel stopped in Colorado Springs to adjust the rear wheel slider so that he could make a tight corner. The pins were stuck in the slider. After attempting to shake the pins loose by rocking the trailer back and forth with his tractor, Sterkel gave the slider lever "a big old jerk." The pins did not give, but Sterkel's shoulder did. After eventually loosening the pins by pushing the lever with his feet while another man beat on the pins with a sledge hammer, Sterkel completed his delivery run.

Though he failed to report either his problems with the slider or his shoulder injury when he returned to Omaha on November 1, Sterkel later filed a claim and recovered $103,000 in workers' compensation benefits. He then brought this diversity action against Fruehauf to recover damages for the injury to his shoulder, alleging that Fruehauf negligently painted the entire slider mechanism, resulting in a paint bond that caused the slider pins to stick in their holes.

At trial, Sterkel offered expert testimony to support this claim, plus the testimony of two local trailer painters who stated that the moveable parts of a slider should always be covered before the rest of the underconstruction is painted. These witnesses acknowledged, however, that covering the slider before painting the underconstruction is not a general custom or practice in the industry.

In addition to arguing that Sterkel's own negligence barred recovery,[2] Fruehauf introduced evidence that it was proper to paint the entire undercarriage of the trailer, including the slider. Defense witnesses testified that over-the-road use of the trailer, and the "sloppiness" of the fit between the pins and the slider holes, precluded a paint bond from remaining while the truck traveled from Omaha to Colorado Springs. Fruehauf's painters testified that they were unaware of any paint shops in the Omaha area that covered the slider before painting the underconstruction; they believed the custom and practice of the trailer painting industry to be just the opposite.

Sterkel's amended complaint had added Ace Hardware as a party defendant "by reason of workers' compensation payments made and for the purpose of establishing its subrogation rights by reason thereof." In its answer, Ace Hardware had admitted "that it is joined as a party Defendant herein for the purposes [of] Neb.Rev.Stat. § 48–118 and for no other purpose." Following the jury's verdict for Fruehauf,

---

**2.** Sterkel admitted that he was aware that Fruehauf had recently painted the trailer and that he had had difficulties with the slider prior to the injury. Fruehauf argued ·that Sterkel should have checked the slider pins and sought help before yanking on the slider lever. It also noted that Sterkel could have avoided the need to adjust the slider by traveling an extra three miles.

Sterkel applied to the court for an order directing Ace Hardware to share litigation expenses of $11,144.14. The district court denied this application, concluding that Ace Hardware had not joined in Sterkel's suit for purposes of § 48–118. This appeal followed.

## II.

■ Sterkel first argues that the district court erred in refusing to instruct the jury that, "A party is not relieved from a charge of negligence merely because he has done what is customarily done, if what is customarily done amounts to a failure to exercise reasonable care under the circumstances of a particular case." This claim of error was not properly preserved on appeal. First, Sterkel failed to object to the instructions as given before the jury retired, as required by Fed.R.Civ.P. 51. Therefore, we will only review the instructions given for plain error. *See Barton v. Columbia Mut. Cas. Ins. Co.*, 930 F.2d 1337, 1341 (8th Cir.1991). Second, Sterkel did not include the instructions as given in the record on appeal.

■ A district court has broad discretion in framing jury instructions and will not be overturned if the instructions, considered as a whole, adequately and sufficiently state the law applicable to the case. *See Circle J Dairy, Inc. v. A.O. Smith Harvestore Prods., Inc.*, 790 F.2d 694, 698 (8th Cir.1986); *Roth v. Black & Decker, Inc.*, 737 F.2d 779, 784 (8th Cir.1984). Without the entire instructions to review, an appellate court cannot determine whether the district court committed reversible error in refusing to give an additional instruction.

Rather than provide us with the instructions as given, Sterkel recites that the district court's instructions included the following:

> A specialist in a field, such as trailer painting, has the duty to use the skill and knowledge ordinarily possessed by other specialists in the field that are in good standing, in the same or similar communities.

No error can be predicated upon this instruction standing alone. Not only was it requested by Sterkel, it is a correct state-ment of Nebraska law. *See Topil v. Hub Hall Co.*, 230 Neb. 151, 430 N.W.2d 306, 310 (1988); *Brown v. Kaar*, 178 Neb. 524, 134 N.W.2d 60, 64 (1965) (tow truck operator considered a specialist); Nebraska Jury Instructions 12.04. It imposed upon Fruehauf a duty to exercise reasonable care in painting Trailer 635, *and* to use its special skills, knowledge, and experience in doing so. Clearly, the giving of this instruction, favorable to Sterkel, was not plain error.

Sterkel's requested instruction on industry custom and practice is, in the abstract, a correct statement of Nebraska law. *See McGinn v. City of Omaha*, 217 Neb. 579, 352 N.W.2d 545, 549 (1984). However, that does not establish plain error in refusing to give this requested instruction. Sterkel's own witnesses had denied that there was a relevant industry custom and practice; thus, the district court could reasonably conclude that giving such an instruction "might have needlessly confused the jury." *Sandstrom v. Chicago & N.W. Transp. Co.*, 907 F.2d 839, 841 (8th Cir.1990). Given this testimony, it is obvious that Sterkel was not deprived of his right "to have an instruction setting forth [his] theory of the case presented to the jury if the instruction is legally correct and supported by the evidence." *Bursch v. Beardsley & Piper*, 971 F.2d 108 (8th Cir.1992). In these circumstances, the district court did not commit plain error in refusing to give Sterkel's requested instruction.

## III.

■ Sterkel next contends that the district court erred in refusing to permit his rebuttal witness, a trailer painter, to testify that he always covers the rear wheel slider when he paints trailers, and that he had, at one time, painted trailers for Fruehauf in that manner. While not barring the witness from testifying, the district court excluded this testimony because Sterkel had failed to comply with Local Rule 25(B)(2)(E), which requires that all but impeachment witnesses be listed on the final pretrial order. Sterkel argues that this testimony was offered to impeach Fruehauf witnesses and therefore the impeachment exception to that local rule should apply.

A district court has broad discretion to decide whether to allow the testimony of witnesses not listed prior to trial. *See Peterson v. General Motors Corp.*, 904 F.2d 436, 439 (8th Cir.1990). We will overturn a district court's decision to exclude a witness only if there is a clear abuse of discretion. *See Blue v. Rose*, 786 F.2d 349, 351 (8th Cir.1986).

Impeachment is an attack on the credibility of a witness, whereas rebuttal testimony is offered to explain, repel, counteract, or disprove evidence of the adverse party. *See United States v. Finis P. Ernest, Inc.*, 509 F.2d 1256, 1263 (7th Cir.), *cert. den.*, 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 124 (1975). We agree with the district court that the testimony in question was rebuttal, not impeachment. Fruehauf's witnesses testified that they did not *know* of anyone in the Omaha area who covered the slider when painting; in other words, they admitted their lack of definitive knowledge on the subject. Thus, evidence of an Omaha painter that did cover the slider was rebuttal, not impeachment. Because Sterkel did not show good cause for such an unlisted rebuttal witness, the district court did not abuse its discretion in excluding the testimony under Local Rule 25(B)(2)(E).[3]

## IV.

Sterkel next argues that the district court erred in refusing to grant a mistrial. During Fruehauf's case, two defense witnesses used a model assembled from new and used parts to demonstrate the operation of the slider. In the course of their demonstrations, both witnesses manipulated the pin in the hole on the model. Following a weekend recess, Sterkel's counsel moved for a mistrial on the ground that the model was misleadingly dissimilar to Trailer 635. Counsel explained that, based on his measurements, the hole in the rails of the model allowed the pin three-twentieths of an inch more tolerance than the holes in

the rails of the slider on Trailer 635. This would mislead the jury into doubting that a paint bond existed between the pin and the frame rail at the time of Sterkel's injury.

The district court denied the motion for a mistrial. Noting that Sterkel presented no evidence that the model actually differed from the slider on Trailer 635, the court issued a cautionary instruction to the jury stating that, "there is no claim that ... the space between the pin and the side of the hole on [the model is] exactly the same as the slider mechanism that was in the truck, and you should not consider that [it is the same]." In addition, the district court refused to allow the model to be used in the jury room during its deliberations.

A decision to grant or deny a motion for mistrial is left to the sound discretion of the district court. *Atlas Pile Driving Co. v. DiCon Fin. Co.*, 886 F.2d 986, 997 (8th Cir.1989). Denials of a mistrial are rarely deemed to be an abuse of discretion because, "the trial court is in a far better position to measure the effect of improper [evidence] on the jury than an appellate court which reviews only the cold record." *Williams v. Mensey*, 785 F.2d 631, 637 (8th Cir.1986). We conclude that the district court did not abuse its discretion in denying Sterkel's motion for mistrial.

Even if we assume that the tolerance discrepancy existed, we will not assume that the jurors focused upon and were mislead by that discrepancy. No defense witness had claimed that the holes on the model were the same size as the holes on Trailer 635's slider, only that the model had "the same general characteristics as the slider" on the trailer. The unlikelihood of the prejudice Sterkel argues on appeal is evidenced by his failure to recall these defense witnesses and cross examine them about the alleged discrepancy. Moreover, the district court's cautionary instruction adequately removed the potential prejudice of which Sterkel complained. *See Donald v. Rast*, 927 F.2d 379, 382 (8th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 96, 116

---

**3.** During Sterkel's case-in-chief, two witnesses testified that they cover the slider when painting the underconstruction of trailers. Thus, the proffered rebuttal testimony was cumulative. The exclusion of cumulative evidence does not

prejudice a party's case. *See Harris v. Steelweld Equip. Co.*, 869 F.2d 396, 399–400 (8th Cir.), *cert. denied*, 493 U.S. 817, 110 S.Ct. 70, 107 L.Ed.2d 37 (1989).

L.Ed.2d 68 (1991); *Underwood v. Colonial Penn Ins. Co.*, 888 F.2d 588, 591 (8th Cir. 1989).

## V.

■ Finally, Sterkel appeals the district court's denial of his application for an order requiring Ace Hardware to share the expenses of this unsuccessful litigation. The application was based upon Neb.Rev. Stat. § 48–118, which provides in relevant part:

> [If] an injured employee ... bring[s] suit against [a third person allegedly liable for the employee's injury,] an employer having paid or paying compensation to such employee ... shall be made party to the suit for purposes of reimbursement ... of any compensation paid.... If [the employer] fails ... to join in the making of such claim ... the party bringing the claim ... shall be entitled to deduct from any amount recovered the reasonable expenses of making such recovery ... If ... the employer ... join[s] in the prosecution of such claim and [is] represented by counsel, the reasonable expenses and attorney's fees shall be, unless otherwise agreed upon, divided between such attorneys as directed by the court before which the case is pending.

The District Court denied Sterkel's application on the ground that Ace Hardware did not "join in the prosecuting of [the] claim" and therefore is not responsible for the expenses of the litigation. We agree.

The statute explicitly requires an employee who files suit against a third party to make the employer a party. The statute, however, affords the employer discretion as to whether or not to "join" in the making of the claim. Thus, the mere fact that Ace Hardware was made a party defendant and filed an answer does not compel the conclusion that it joined in Sterkel's claim.

The extent of an employer's participation in the litigation is the critical factor in determining whether the employer "joined" the action. The statute provides that an employer who joins in the employee's suit "shall have an equal voice in the claim." It further provides that an employer who fails to join in the suit waives "all claims or causes of action for improper prosecution of such suit or inadequacy of settlement." Consistent with this statutory language, the Nebraska Supreme Court held in *Rehn v. Bingaman*, 152 Neb. 171, 40 N.W.2d 673, 676 (1950):

> One who is made a party defendant for the sole purpose of protecting a statutory right of subrogation is ordinarily not liable for costs other than his own; but where, as here, he adopts the position of the plaintiff and for all practicable purposes is a plaintiff, his liability for costs is the same as the plaintiff.

In *Rehn*, the employer had actively participated in the trial, making opening and closing statements, and examining and cross-examining witnesses. Because the employer "adopted the position of the plaintiff for his own benefit," the court concluded that the employer was equally liable for the costs of the unsuccessful suit. *Id.*

Here, the district court found that, in addition to filing a notice of appearance and an answer admitting its joinder for subrogation purposes only, Ace Hardware had answered interrogatories, attended the depositions of its drivers, and attended the pretrial conference and the commencement of trial. However, Ace Hardware did not participate in the presenting of evidence, sit at counsel table, nor appear to be involved in the trial, and there was no evidence that it had exercised any voice in the investigation or prosecution of Sterkel's claim.[4]

We agree with the district court that the Nebraska Supreme Court would not consider this minimal, essentially involuntary level of employer participation to constitute a joining in the employee's suit for purposes of § 48–118. In *American Province of the Servants of Mary Real Estate Corp. v. Metropolitan Util. Dist.*, 178 Neb. 348, 133 N.W.2d 466 (1965), the employee joined the employer as a defendant in the employee's third-party suit. The employer entered a

---

**4.** Although we are reviewing the question whether the employer joined in the employee's suit de novo because the Nebraska Supreme Court appears to treat this as an issue of law, we defer to the district court's findings as to the

534

voluntary appearance and filed an answer stating it was entitled to subrogation under § 48–118, but it did not otherwise participate in the trial. After setting out the above-quoted holding in *Rehn*, the Nebraska Supreme Court held that the same rule "would also apply to res judicata" and that on these facts the employer was not collaterally estopped to relitigate issues decided in the employee's suit. 133 N.W.2d at 471.

The level of employer participation is essentially the same in this case as in *American Province*. Therefore, the district court properly denied Sterkel's application for division of expenses because Ace Hardware did not "join in the prosecution of [his] claim" for purposes of § 48–118. *See also Moyer v. Douglas & Lomason Co.*, 212 Neb. 680, 325 N.W.2d 648, 651 (1982) (employer did not join for purposes of § 48–118 when it was made a defendant, retained its own counsel, and "was helpful in a few instances").

The judgment of the district court is affirmed.

extent of Ace Hardware's participation in the lawsuit.