46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Enios J. JONES, III, Appellant,
v.
Unknown HUNTER, Correctional Officer, in individual and
official capacity; Unknown Crinklaw, Correctional Officer,
in individual and official capacity; Unknown Walker,
Correctional Officer, in individual and official capacity;
Unknown Banks, in individual and official capacity; Unknown
Bryant, Lieutenant, in individual and official capacity, Appellees.
 No. 94-1079.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 23, 1994.
Filed: Jan. 12, 1995.
 
 Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Enios J. Jones III appeals from the final judgment entered in the District Court[1] for the District of Nebraska upon a jury verdict for defendant jail officials in this 42 U.S.C. Sec. 1983 action. For the reasons discussed below, we affirm.
 
 
 2
 In mid-May 1991, while Jones was confined at the Douglas County Jail, he cut both of his wrists in a suicide attempt after his requests for psychiatric help were ignored. Jones filed a section 1983 action claiming jail officials were deliberately indifferent to his serious medical needs.
 
 
 3
 On the morning of the second day of the jury trial, Jones submitted a letter to the district judge stating, inter alia, that his counsel had not properly prepared the case for trial in that counsel did not list a necessary inmate witness on the witness list. At a hearing out of the presence of the jury, Jones's counsel told the district court that he had previously spoken with the witness, that he had intended to call this witness, that he inadvertently left the name off the pretrial witness list and the answers to interrogatories, and that the testimony was necessary. The district court refused to permit the witness to testify at trial. The jury returned a verdict for defendants, and Jones appeals.
 
 
 4
 We denied without prejudice trial counsel's motion to withdraw from representing Jones on appeal, directed counsel to file a brief under Anders v. California, 386 U.S. 738 (1967), and granted Jones leave to file a pro se supplemental brief. Counsel's Anders brief argues only that the district court erred in refusing to allow the inmate witness to testify. Jones has not filed a pro se supplemental brief.
 
 
 5
 A district court has broad discretion in deciding whether to allow the testimony of a witness not listed before trial; we will not overturn a decision to exclude a witness unless there is a clear abuse of discretion. Sterkel v. Fruehauf Corp., 975 F.2d 528, 532 (8th Cir. 1992). At the hearing, the district court elicited testimony regarding the reasons counsel failed to name the particular witness, the importance of the witness's testimony, and defendants' need for time to prepare-the very factors the district court must consider in deciding whether to exclude a witness who is not properly disclosed in the pretrial order. See Patterson v. F.W. Woolworth Co., 786 F.2d 874, 879 (8th Cir. 1986). We hold the district court did not abuse its discretion in refusing to allow the witness to testify.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska