_____

No. 95-1370
_____

Leanna P. Humphrey,          *
                             *
        Appellant,           *
                             *  Appeal from the United States
    v.                       *  District Court for the
                             *  Eastern District of Arkansas.
Potlatch Corporation,        *
                             *        [UNPUBLISHED]
        Appellee.            *


_____

Submitted:  January 16, 1996

Filed:  January 23, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____


PER CURIAM.


     Leanna P. Humphrey appeals from the district court's[1] judgment against her in an action against her former employer, Potlatch Corporation (Potlatch), alleging race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  We affirm.


     Specifically, Humphrey alleged that she was discriminated against in work load assignments; coworkers who engaged in conduct similar to hers were punished less severely, "due to race, color and sex"; and she was sexually harassed.  Prior to bringing suit,

_____

[1]The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

Humphrey filed charges with the EEOC for retaliatory discharge and disparate punishment on the basis of race and sex.

The district court granted Potlatch summary judgment on the sexual harassment claim, finding it conceptually distinct from Humphrey's EEOC charges. After a two-day bench trial on Humphrey's remaining claims, the district court entered judgment for Potlatch.

Reviewing de novo, we find the district court properly granted Potlatch summary judgment on Humphrey's sexual harassment claim, given that she failed to exhaust her administrative remedies as to that particular allegation. See Weissman v. Congregation Shaare Emeth, 38 F.3d 1038, 1041 (8th Cir. 1994) (standard of review); see Satz v. ITT Fin. Corp., 619 F.2d 738, 741 (8th Cir. 1980) ("Title VII complainant may raise claims in court `like or related to' the substance of the complainant's charge before the EEOC"). We note to the extent that Humphrey argues the district court limited her trial testimony, the transcript shows the district court merely sustained opposing counsel's objections to Humphrey testifying about sexual harassment.

We also conclude the district court acted within its discretion when it excluded a witness on the ground that he was not included in the pretrial witness list. See Blue v. Rose, 786 F.2d 349, 351 (8th Cir. 1986) (standard of review); Sterkel v. Fruehauf Corp., 975 F.2d 528, 532 (8th Cir. 1992) (district court has broad discretion to decide whether to allow the testimony of witnesses not listed prior to trial). Similarly, the district court did not abuse its discretion when it refused to allow a witness to testify about twelve-year-old events not raised with the EEOC and therefore not an issue at trial. See Lee v. Rapid City Area School Dist. No. 51-4, 981 F.2d 316, 320 (8th Cir. 1992) (en banc) (standard of review); Patterson v. McLean Credit Union, 805 F.2d 1143, 1147 (4th Cir. 1986) (no abuse of discretion in trial court's exclusion

of testimony remote in time), <u>aff'd in part, vacated in part on other grounds</u>, 491 U.S. 164 (1989).

Nor do we find clear error in the district court's determinations that (1) Potlatch did not terminate Humphrey because of her race but rather as a result of her repeated insubordination in violation of the terms of her employment; and (2) Humphrey failed to prove Potlatch discriminated in assigning workloads or disciplining employees.  See <u>Tuttle v. Henry J. Kaiser Co.</u>, 921 F.2d 183, 185-86 (8th Cir. 1990) (standard of review); <u>see</u> <u>St. Mary's Honor Ctr. v. Hicks</u>, 113 S. Ct. 2742, 2747-48 (1993) (if employer produces evidence that adverse employment decision was taken for legitimate nondiscriminatory reason, and plaintiff fails to persuade trier of fact that proffered reason was not true reason, then employer prevails).

Finally, we note Humphrey's claim of ineffective assistance of counsel at trial is meritless.  See <u>Glick v. Henderson</u>, 855 F.2d 536, 541 (8th Cir. 1988) (42 U.S.C. § 1983 case; no constitutional right to effective assistance of counsel in civil case).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-