**Carl Dwayne PRINCE, Appellant,**

**Curtis Easter, Plaintiff,**

**Alan Hubbard, Brett Walker, Appellants,**

**William Hufford, Plaintiff,**

**Ralph Bussard,[*]**

v.

**Roger V. ENDELL, Director, Individually and in Official Capacity, Arkansas Department of Correction; Winston Bryant, Attorney General, Individually and in Official Capacity, State of Arkansas; Jim Guy Tucker, Individually and in Official Capacity, Governor of Arkansas; Larry Norris, Interim Director, Arkansas Department of Correction, Appellees.**

No. 95–2616.

United States Court of Appeals,
Eighth Circuit.

Submitted March 6, 1996.

Decided March 13, 1996.

mendations that were an important part of an ongoing evaluation of whether Anton had met the requirements for parole.

[*] Ralph Bussard signed the notice of appeal, but was not a party below.

Carl Prince, pro se.

Sherri Arman, Little Rock, AR, for appellee.

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.

PER CURIAM.

Carl Dwayne Prince and two other inmates appeal from the district court's [1] order granting judgment to defendant prison officials in this 42 U.S.C. § 1983 action. We affirm.

In their complaint, plaintiffs alleged that until 1993 female Arkansas prisoners were allowed to receive from outside the prison packages containing authorized personal property ("package call"), and to possess cassette tape players, whereas male Arkansas prisoners were denied these privileges in violation of their rights to equal protection. Plaintiffs sought class certification, declaratory and injunctive relief, and damages.

Following an evidentiary hearing before a magistrate judge, the district court dismissed the complaint, concluding the prison officials' opinion that security concerns differed at the men's and women's institutions was objectively reasonable, and thus it was reasonable for the officials to believe that different package-call and cassette-player policies were necessary. Because the male and female inmates were not similarly situated, and the officials' decision-making was rationally related to a legitimate penological interest, it was not a violation of equal protection to have different policies for the men's and women's institutions. In addition, the court concluded officials were entitled to qualified immunity.

We agree that defendants were entitled to qualified immunity. *See Bills v. Dahm,* 32 F.3d 333, 335–36 (8th Cir.1994) (where objectively reasonable prison official believes inmates are not similarly situated and distinction is not arbitrary, right to equal protection is not clearly established and official is entitled to qualified immunity). The uncontradicted facts showed that the male and female inmates lived in different types of prisons; there were differing clothing policies for the

1. The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the findings and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

prisons; different levels of violence existed in the prisons; and the women's prison was in close proximity to a Department of Corrections radio transmission tower, dictating a radio use restriction and cassette player substitution. Thus, it was objectively reasonable for a prison official to believe that female and male inmates were not similarly situated for purposes of package call and cassette player use. In addition, a reasonable prison official could have found the difference in policies to be rationally related to legitimate security interests. *See id.* at 336.

Finally, we conclude that neither the court's denial of class certification nor the denial of certain requested witnesses was an abuse of discretion. *See Sterkel v. Fruehauf Corp.*, 975 F.2d 528, 532 (8th Cir.1992); *Chaffin v. Rheem Mfg., Co.*, 904 F.2d 1269, 1275 (8th Cir.1990).

Accordingly, we affirm the judgment of the district court.