# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 02-4148/03-1097

_____

Robert Cisar; Suzanne Munns,     *
                                     *

     Appellants/Cross Appellees,     *
                                     *  Appeals from the United States

v.                           *  District Court for the Northern
                                     *  District of Iowa.

Home Depot U.S.A., Inc.,     *
                                     *

     Appellee/Cross Appellant.     *

_____

Submitted:  October 24, 2003

Filed:  December 8, 2003

_____

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Robert Cisar (Cisar) sued Home Depot U.S.A., Inc. (Home Depot) for injuries he sustained after using a chain saw purchased from Home Depot. Cisar's wife, Dr. Suzanne Munns (Munns), brought a related loss of consortium claim against Home Depot. Cisar's and Munns's claims were tried to a jury, which returned a verdict in Home Depot's favor. Cisar and Munns raise three issues on appeal; Home Depot raises four additional issues on cross appeal. We affirm.

## I. BACKGROUND

On August 5, 1996, Cisar purchased a powerful chain saw at an Iowa Home Depot store. When Cisar used the saw the next day, the chain came off, so Cisar returned the saw to Home Depot. Steve Lathrop (Lathrop), a Home Depot employee, put the chain back on the saw, tightened the chain, and returned the saw to Cisar. When Cisar used the saw a couple weeks later, the chain came off again. Cisar again returned the saw to Home Depot, and Lathrop replaced the saw's bar and chain. Cisar testified that, when he used the saw three or four weeks later, the chain came off and cut his finger. Cisar returned to Home Depot, and Lathrop again repaired the saw.[1] Cisar and Lathrop testified Cisar demanded the saw be replaced, but Efren Gonzalez (Gonzalez), Home Depot's manager, refused. To the contrary, Gonzalez testified he replaced Cisar's saw with "a brand spanking new one in a sealed box." Cisar used the saw on a few occasions in the summer of 1997 without incident. On October 4, 1997, Cisar used the chain saw for the final time. This time the chain came off, grabbed the wood Cisar was cutting, and hit Cisar on the head. Cisar suffered serious injuries, including a brain injury. Cisar claimed the brain trauma caused temper problems, personality changes, and emotional behavior problems.

Cisar sued Home Depot for negligent failure to repair the saw, negligent failure to exchange the saw, and negligent post-sale failure to warn of the saw's unsafe condition. Munns sued for loss of consortium. The district court[2] granted summary judgment to Home Depot on the post-sale failure to warn claim, holding no evidence showed Home Depot knew the chain saw was defective or unreasonably dangerous. The district court denied Cisar's and Munns's motion in limine to exclude certain adverse evidence regarding their character and conduct. On October 28, 2002, a jury trial began on the negligent failure to repair and exchange claims, and Munns's loss

---

[1]Lathrop testified Cisar only returned the saw twice.

[2]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas, sitting by designation in the Northern District of Iowa.

of consortium claim. The first witness the plaintiffs called was Nicholas Loy (Loy), Home Depot's trial representative. Home Depot objected, stating Loy was not listed as a witness. The court asked why the plaintiffs called Loy, stating the court understood Loy had no relevant knowledge of the facts of the case. The plaintiffs responded by explaining they wanted to ask Loy "what Home Depot's defense of the case is and what [its] allegations are as to the facts being raised." The court sustained the objection and refused to allow Loy to testify.

On October 31, 2002, the case was submitted to a jury. The first question on the verdict form recapped the testimony of Cisar, Lathrop and Gonzalez.[3] The form then asked the jury the following question: "Did Efren Gonzalez give the plaintiff, Robert Cisar, a new chain saw and a longer bar at Mr. Cisar's request?" The jury answered yes. Based on this answer, the court entered judgment in Home Depot's favor. Cisar and Munns appeal, claiming the district court (1) abused its discretion by allowing certain evidence adverse to Cisar and Munns to be presented to the jury,

---

[3]The jury verdict form stated the following:

> Mr. Cisar testified that he attempted to exchange the chain saw for a new one, but that his request was refused. Instead, his chain saw was "fixed" and returned to him.
>
> Mr. Lathrop's testimony was that Mr. Gonzalez refused his recommendation that Home Depot give Mr. Cisar a new chain saw and, instead, told Mr. Lathrop to "fix it" and return it to Mr. Cisar, which Mr. Lathrop states he did.
>
> Mr. Gonzalez testified that he gave Mr. Cisar a completely new Husqverna [sic] model 394 xp chain saw when Mr. Cisar complained and brought in his old chain saw. Mr. Gonzalez also testified that a short time later Mr. Cisar returned to the store and complained that the bar was not as long as it was supposed to be whereupon Mr. Gonzalez caused a subordinate to purchase the bar size that Mr. Cisar wanted and gave it to Mr. Cisar, advising him that Home Depot would not install it or assume any responsibility for its installation.

(2) abused its discretion by prohibiting the plaintiffs from questioning Loy, and (3) erroneously granted summary judgment to Home Depot on the post-sale failure to warn claim. Home Depot cross appeals, arguing the district court erred in (1) denying Home Depot's motion for judgment as a matter of law on Cisar's negligent failure to repair and exchange claims, (2) not allowing a defense witness to testify, (3) excluding additional adverse evidence, and (4) granting certain protective orders.

## II. DISCUSSION
### A. Home Depot's Cross-Examination

Cisar presented the jury with evidence that, after sustaining his brain injury, he suffered frontal lobe syndrome. Cisar contended the brain injury changed his personality, forced him to become moody and angry, caused emotional and behavioral problems, made him prone to temper outbursts and out-of-control anger, created problems with impulsivity, and created a hostile environment for his family, placing serious strain on his familial relationships. Cisar and Munns contend they did not receive a fair trial because Home Depot personally attacked them during cross-examination and elicited angry and emotional outbursts from Cisar. Cisar and Munns contend Home Depot's questioning caused the jury to dislike them, prompting the jury to reject Cisar's version of the events. Cisar and Munns claim Home Depot used cross-examination to present to the jury irrelevant evidence and evidence that was overly prejudicial. Before trial, Cisar and Munns unsuccessfully argued their motion in limine to exclude damaging evidence addressing their offensive conduct; at trial, Cisar and Munns again objected without success.

We grant the trial court broad discretion in regulating cross-examination of witnesses, and we will not reverse without a positive showing the trial court abused its broad discretion. See Ratliff v. Schiber Truck Co., 150 F.3d 949, 955 (8th Cir. 1998). At trial, Cisar and Munns placed blame on Home Depot for Cisar's post-accident behavior and temper problems. Home Depot certainly delved into embarrassing and damaging pre-accident and post-accident incidents involving Cisar

and Munns.[4] Given the nature of Cisar's and Munns's claims, Home Depot could legitimately attack the claims that Cisar's brain injury caused his post-accident behavior and damaged his familial relationships. For example, Home Depot could properly compare Cisar's pre-accident emotional state and actions, including family problems, with his post-accident emotional state and actions. Furthermore, some of the damning evidence came directly from Cisar's courtroom behavior. Our review of the record convinces us the district court did not abuse its discretion in its handling of Home Depot's cross-examination of Cisar and Munns.

### B.     Unlisted Witness

Without a hint of authority, the plaintiffs claim the district court erred by denying the plaintiffs the opportunity to question and confront Loy, Home Depot's trial representative. We do not agree. Neither Cisar and Munns nor Home Depot listed Loy as a witness. Nothing indicates Loy had personal knowledge of any relevant information. As Loy was the first witness called at trial, he was not called for impeachment purposes. A trial court is entrusted with broad discretion to determine whether to permit the testimony of a witness not listed before trial. See Sterkel v. Fruehauf Corp., 975 F.2d 528, 532 (8th Cir. 1992). We will reverse the trial court's decision to exclude a witness based only on a clear abuse of discretion. Id. Without a showing as to the relevance of Loy's testimony, we cannot fault the district court for excluding the testimony of a witness not listed before trial.

### C.     Post-Sale Failure to Warn

The plaintiffs contend the district court erroneously granted summary judgment to Home Depot on the negligent post-sale failure to warn claim. At oral argument, the plaintiffs' attorney rightly conceded the viability of this negligence

---

[4]Because of the personal nature of the evidence presented at trial, we see no reason to expound on the details here. Suffice it to say, we understand the issues and graphic evidence after thoroughly reviewing the briefs and the record.

theory–indeed, all three negligence theories–depended on the jury's answer to the first question (i.e., whether Home Depot gave Cisar a new saw). Had this post-sale failure to warn negligence claim been submitted to the jury, as the plaintiffs sought, it also would not have survived the jury's answer to the first question. Because the plaintiffs are not entitled to relief on the first two issues raised on appeal, and because the jury's finding precludes a post-sale failure to warn claim, we need not discuss Iowa product liability law.

### D. Cross-Appeal Issues

Because we determine the plaintiffs' arguments on appeal are meritless, we need not address the four remaining cross appeal issues.

## III. CONCLUSION

The district court did not abuse its discretion in allowing Home Depot's damaging cross-examination of Cisar and Munns or by prohibiting the plaintiffs from questioning Home Depot's trial representative. The jury's finding that Home Depot replaced Cisar's saw with a new saw defeated the post-sale failure to warn claim. Our resolution of the plaintiffs' appeal in Home Depot's favor precludes our review of Home Depot's cross appeal. The judgment in Home Depot's favor is affirmed.[5]

———————————————

[5]Civil law is not always practiced in a civil manner. We commend both attorneys in this difficult case for their professionalism. They skillfully litigated the contentious issues and zealously represented their clients without sacrificing civility, a linchpin of our legal system. At oral argument, we learned the attorneys (one from Georgia, the other from Iowa) not only treated each other with the proper respect, but became friends. We applaud their devotion to the highest standards of the law.