ANTHONY ABBOUD AND ROBERT DOYLE, APPELLANTS, V. H. MICHAEL CUTLER AND BETTY F. CUTLER, APPELLEES.

469 N.W.2d 763

Filed May 24, 1991.   No. 89-122.

Richard F. Welling, Kelle J. Westland, and Alan M. Thelen, of Breeling & Welling, for appellants.

James D. Sherrets and Mark A. Weber, of Sherrets & Smith, for appellees.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

HASTINGS, C.J.

This is yet another example of "a procedural nightmare, brought about by the simple expediency of counsel's ignoring or failing to abide by the time restrictions ordered by the court." See *W & K Farms v. Hi-Line Farms*, 226 Neb. 895, 416 N.W.2d 10, 11 (1987).

Plaintiffs filed their petition in this case on November 16, 1987. Defendants' demurrers were filed on December 1, 1987, and overruled on January 7, 1988. The record discloses no order respecting the filing of answers, but defendants did in fact file their answers on March 3, 1988. Plaintiffs served interrogatories on defendants on May 10, 1988, and on July 27, 1988, plaintiffs' motion to compel answers to interrogatories was sustained. A letter dated August 18, 1988, advising

plaintiffs that their case would be dismissed unless a certificate of readiness was filed within 30 days was mailed by the court. Defendants served answers to interrogatories on August 29, 1988, and on September 12, 1988, the court entered an order excusing the filing of a certificate of readiness until January 12, 1989. The court made a docket entry on January 13, 1989, which stated, "Case dismissed w/o prejudice. Progression Letter."

Plaintiffs, on January 18, 1989, filed a "Motion to Vacate Dismissal," alleging that an attempt was made to file a certificate of readiness on January 17, 1989, which filing was refused by the court administrator because it was out of time.

On January 25, 1989, the court entered its docket entry as follows: "Parties appeared by counsel. Arguments heard. Defendants['] motion to vacate dismissal overruled. Case stands dismissed."

Plaintiffs filed on January 26, 1989, a "Motion for Reconsideration & Motion for New Trial," which was overruled on February 13, 1989. Plaintiffs' notice of appeal states that they "give notice of such appeal of this Court's dismissal of their cause of action, and the Court's subsequent denial of vacation of such dismissal." The notice of appeal was filed on February 13, 1989.

The bill of exceptions consists of the record of a hearing held February 8, 1989, on the plaintiffs' *motion for reconsideration of the dismissal*. The evidence included an affidavit from one of plaintiffs' attorneys, alleging that on January 9, 1989, another member of that firm submitted a memo to her stating that the certificate of readiness had to be filed by January 12, 1989. The attorney goes on to state that on January 12, 1989, she learned one of her clients was being investigated by the Department of the Treasury's Secret Service division for alleged credit card fraud and that she spent that day and the next on that matter. Finally, on Tuesday, January 17, following a Monday holiday, she filed a certificate of readiness with the court administrator, who later discarded the certificate as being out of time. Although the court administrator is without authority to refuse the tender of a certificate of readiness, the fact remains that the tender was out of time. Nevertheless, since the certificate is a

document that may provide the basis for judicial action, as in this case, it should have been filed with the clerk of the district court. The local practice of handing the certificate to the administrator for filing is disapproved.

The bill of exceptions also contains a copy of the trial docket in the district court for Douglas County, docket 839, page 414, in the case entitled "Anthony Abboud and Robert Doyle vs Forrest R. Michals, Jr., H. Michael Cutler and Betty F. Cutler and Twin Towers, Ltd, a Nebraska limited partnership." This was received in evidence over the objection of plaintiffs' counsel as to relevancy to the instant case, which objection was disregarded by the court with the statement "As I recall, they're pretty well interlocked. This one came out of the present case." The court went on to state that "[m]y recollection was that Judge Buckley said something about you didn't have a shot in one way but maybe you would in another, something like that."

Plaintiffs also pointed out at this hearing that the statute of limitations had in all probability run and that an attempt to refile the case would be met with that objection.

Plaintiffs' assignments of error are that the trial court abused its discretion in dismissing plaintiffs' action and refusing to reinstate it and in receiving in evidence the docket sheet from the other case.

By filing a motion to vacate and later filing a motion to reconsider and for a new trial, plaintiffs have unduly complicated the procedure. Defendants suggest that this court is without jurisdiction to hear this appeal because of the failure of plaintiffs to file a motion for new trial within 10 days of the order of dismissal (January 13 to January 26) and, in the absence of a motion for a new trial, to file a notice of appeal within 30 days of the order of dismissal (January 13 to February 13). They argue that the time for appeal cannot be extended by a party with successive filings of motions for new trial. This is a correct statement of the law. See *State ex rel. Kaipus v. Board of Trustees of S. & I. Dist. No. 113*, 200 Neb. 525, 264 N.W.2d 422 (1978).

However, defendants overlook the motion to vacate dismissal which was filed by plaintiffs on January 18, well within 10 days of the January 13 order of dismissal. That

motion is equivalent to a motion for a new trial. See, *Woodmen of the World Life Ins. Soc. v. Peter Kiewit Sons' Co.*, 196 Neb. 158, 241 N.W.2d 674 (1976). "A new trial is a reexamination in the same court of an issue of fact after a verdict by a jury, report of a referee, or a decision by the court. . . ." Neb. Rev. Stat. § 25-1142 (Reissue 1989).

The defendants also ignore the fact that February 12, 1989, fell on a Sunday, therefore a notice of appeal filed on Monday the 13th would be in time.

As previously pointed out, the bill of exceptions relied upon by both parties was in connection with a hearing on the overruling of plaintiffs' motion to reconsider and has no relationship to the motion to vacate. Therefore, we have no bill of exceptions to examine. Where evidence does not appear in the record, it cannot be considered on appeal. *Howard v. Howard*, 234 Neb. 661, 452 N.W.2d 283 (1990). It is incumbent on the party appealing to present a record which supports the errors assigned; absent such a record, the decision of the lower court is to be affirmed. *Howard v. Howard, supra.*

Trial courts have the inherent power to dismiss a case for failure to prosecute with due diligence. The exercise of this power rests in the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Schaeffer v. Hunter*, 200 Neb. 221, 263 N.W.2d 102 (1978). No such showing appears in the record properly before us.

The judgment of the district court is affirmed.

AFFIRMED.