SANDRA MASON, APPELLANT, V. MARTIN A. CANNON, APPELLEE.
516 N.W.2d 250

Filed May 27, 1994.   No. S-92-840.

Robert Wm. Chapin, Jr., for appellant.

Kile W. Johnson, of Barlow, Johnson, Flodman, Sutter, Guenzel & Eske, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

WRIGHT, J.

Sandra Mason commenced a legal malpractice action in 1988. The case was dismissed after the district court issued a third order to show cause why the case should not be dismissed for want of prosecution.

## FACTS

On September 26, 1988, Mason filed a petition in the district court for Lancaster County, alleging a cause of action for legal malpractice against Martin A. Cannon. On November 21, 1989, the court ordered that cause be shown by affidavit on or before December 21 why the case should not be dismissed for want of prosecution. On May 28, 1991, the court again ordered that cause be shown by affidavit why the case should not be dismissed for want of prosecution, and on June 28, the case was dismissed for the first time for want of prosecution. A motion to reinstate was granted, and on October 4, the court ordered that trial notice be filed within 120 days.

On May 19, 1992, the court entered an order to show cause by affidavit on or before June 18 why the case should not be dismissed for want of prosecution. The court dismissed the case on June 3. The docket entry stated: "Trial notice has not been filed. Case is dismissed for want of prosecution." In response, Mason filed a pleading captioned "Motion to Vacate Dismissal Order of June 3, 1992." A docket entry shows that the motion to vacate was overruled on June 22.

On June 26, 1992, Mason filed a "Motion for New Trial/Removal from Dismissal Docket," requesting that the court set aside and vacate the order entered on June 22 or, in the alternative, remove the matter from the dismissal docket. On August 21, the court overruled the motion for new trial, and on September 21, Mason filed a notice of appeal from the August 21 order.

## ANALYSIS

"[I]t is not only within the power but the duty of an appellate court to determine whether the appellate court has jurisdiction over the matter before it." *Rohde v. Farmers Alliance Mut. Ins. Co.*, 244 Neb. 863, 868, 509 N.W.2d 618, 623 (1994). Accord, *Riley v. State*, 244 Neb. 250, 506 N.W.2d 45 (1993); *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992). The time for filing an appeal cannot be extended by successive filings of motions for new trial. *Abboud v. Cutler*, 238 Neb. 177, 469 N.W.2d 763 (1991).

The problem in this case is that Mason did not file a timely notice of appeal. On June 3, 1992, trial notice had not been filed, and the court ordered the case dismissed for want of prosecution. Mason did not appeal from this order. Instead, on June 5, she filed a motion to set the matter for trial and a motion to vacate the order of dismissal. A motion to vacate filed within 10 days of the order of dismissal is the equivalent of the filing of a motion for new trial. See *id*. The motion to vacate was overruled on June 22.

Pursuant to Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1992), a notice of appeal must be filed within 30 days after the rendition of the judgment, decree, or final order. Thus, the order overruling the motion to vacate, which is a final order, would require the filing of a notice of appeal within 30 days of June 22, 1992. Instead, Mason filed another motion for new trial, dated June 26, 1992. Because the time for filing an appeal cannot be extended by successive motions for new trial, Mason's notice of appeal was not timely. See *Abboud, supra.*

The June 3, 1992, order of dismissal was a final, appealable order. It was an order which affected a substantial right, determined the action, and prevented a judgment. See *Rohde, supra*. In order to vest an appellate court with jurisdiction, the notice of appeal must be filed within 30 days of the entry of the final order or the overruling of a timely filed motion for new trial. *In re Interest of C.M.H. and M.S.H.*, 227 Neb. 446, 418 N.W.2d 226 (1988).

Mason's "Motion for New Trial/Removal from Dismissal Docket," filed June 26, 1992, requested that the court set aside and vacate its order entered June 22 or, in the alternative,

remove the matter from the dismissal docket for the following reasons:

1. Irregularity in the proceedings of the court . . . by which [Mason] was prevented from having a fair trial.

2. . . . . [T]he verdict . . . is not sustained by sufficient evidence . . . .

3. . . . . [E]rror of law occurr[ed] at the trial . . . .

4. Error of the Court by not recognizing that the delays . . . were cause[d] by [Cannon].

5. Error of the Court by not recognizing that [Mason] attempted to set this matter for trial in October and that [Cannon] requested additional time to conduct discovery.

6. Error by the Court in not taking judicial notice of the Court record which indicated that [Mason] was complying with the Court's earlier Order to allow [Cannon] to take the deposition of [Mason's] expert witness . . . .

The June 26, 1992, motion did not toll the time for filing an appeal within 30 days of the June 22 order overruling Mason's motion to vacate. The June 26 motion requested that the court vacate the June 22 order. Even if the court had vacated the June 22 order, the case was still dismissed by the June 3 order, which dismissed the case for want of prosecution. The request to vacate the June 22 order was not a motion for new trial because the June 22 order simply overruled the motion to vacate filed by Mason on June 5.

Even if the June 26, 1992, motion was considered as a motion for a new trial, the time for filing an appeal cannot be extended by successive filings of motions for new trial. See *Abboud, supra*. An untimely motion for new trial is ineffectual, does not toll the time for perfection of an appeal, and does not extend or suspend the time limit for filing a notice of appeal. *Metrejean v. Gunter*, 240 Neb. 166, 481 N.W.2d 176 (1992). The filing of a motion for new trial and its subsequent overruling do not convert an otherwise unappealable order into an appealable order. *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). The August 21 order which overruled the June 26 motion was not an appealable order.

The June 3, 1992, order dismissed the case for want of

prosecution. Mason's motion to vacate, filed on June 5, was overruled on June 22, and Mason did not appeal from such order within 30 days.

The appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.

BOSLAUGH, J., participating on briefs.