ALLEN R. JANSSEN, APPELLANT, V.
TOMAHAWK OIL CO., LTD., A NEBRASKA CORPORATION,
AND YELLOW FREIGHT SYSTEMS, INC., APPELLEES.

576 N.W.2d 787

Filed April 3, 1998.   No. S-96-1036.

T.J. Hallinan, of Cobb & Hallinan, P.C., for appellant.

Jon S. Reid, of Kennedy, Holland, DeLacy & Svoboda, for appellee Yellow Freight.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WRIGHT, J.

## NATURE OF CASE

Allen R. Janssen appeals from an order denying his request that his employer, Yellow Freight Systems, Inc. (Yellow Freight), be required to pay a percentage of the expenses incurred by Janssen in an unsuccessful attempt to recover damages against a third-party tort-feasor. Yellow Freight had been joined as a defendant pursuant to Neb. Rev. Stat. § 48-118 (Reissue 1993) in order to protect its subrogation lien.

## SCOPE OF REVIEW

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Abboud v. Papio-Missouri River NRD*, 253 Neb. 514, 571 N.W.2d 302 (1997).

## FACTS

On November 9, 1990, Janssen was employed by Yellow Freight as an over-the-road truckdriver. Janssen allegedly injured the rotator cuff in his right shoulder when he fell on a patch of ice in the parking lot of the Hershey Truck Stop located on Interstate 80 near Hershey, Nebraska. Janssen had parked his semi-tractor and trailer in the parking lot and entered the building. As he returned to his truck, he allegedly fell on the patch of ice.

Janssen sued Tomahawk Oil Co., Ltd. (Tomahawk Oil), a Nebraska corporation which owned the Hershey Truck Stop, alleging that Tomahawk Oil had been negligent in maintaining the parking lot and that this negligence had proximately caused his injury. Yellow Freight was joined as a party pursuant to § 48-118 in order to protect its subrogation lien against

Tomahawk Oil for any workers' compensation payments which Yellow Freight made to Janssen as a result of his accident.

Yellow Freight filed an answer which informed the district court that it had made workers' compensation payments to Janssen after his injury. The answer stated that Yellow Freight had insufficient knowledge to admit or deny Janssen's allegations regarding Tomahawk Oil's negligence. However, the answer contained a prayer for relief which requested that a judgment be entered in favor of Janssen and against Tomahawk Oil and that Yellow Freight be subrogated to the rights of Janssen in any judgment against Tomahawk Oil for all amounts allowed Yellow Freight pursuant to the Nebraska Workers' Compensation Act.

Following trial, the jury returned a verdict for Tomahawk Oil, and Janssen appealed. The Nebraska Court of Appeals reversed the judgment and remanded the cause for a new trial. See *Janssen v. Tomahawk Oil Co.*, 95 NCA No. 50, case No. A-94-480 (not designated for permanent publication). After the cause was remanded to the district court, all three parties entered into settlement negotiations. The parties were unable to reach an agreement, and they proceeded to a second trial. The second trial also ended with a jury verdict in favor of Tomahawk Oil.

Janssen then filed a motion to apportion expenses pursuant to § 48-118. He alleged that his attorneys had incurred $12,144.15 in expenses and asked that the costs be apportioned between him and Yellow Freight. The district court denied the request for apportionment, finding that § 48-118 requires that "a recovery take place before expenses and attorney's fees are allocated between the injured employee and the workers' compensation insurer."

Janssen timely appealed to the Court of Appeals, and pursuant to our power to regulate the caseloads of the appellate courts of this state, we moved this case to our docket.

## ASSIGNMENT OF ERROR

Janssen asserts that the district court erred in failing to apportion litigation expenses between Janssen and his employer pursuant to § 48-118.

## ANALYSIS

The record reveals that the district court's order denying the apportionment of expenses was filed on October 9, 1996. Janssen's notice of appeal was filed on October 8. In *Dale Electronics, Inc. v. Federal Ins. Co.*, 203 Neb. 133, 277 N.W.2d 572 (1979), *overruled on other grounds, Reutzel v. Reutzel*, 252 Neb. 354, 562 N.W.2d 351 (1997), we held that a notice of appeal filed after the trial court has announced its decision, but before a judgment has been rendered or entered, is effective to confer jurisdiction on this court if the notice of appeal shows on its face that it relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered or entered in accordance with the decision which was announced and to which the notice of appeal relates. We also noted that a number of courts have held that a premature notice of appeal is continuing in nature and becomes effective upon rendition or entry of a judgment. See, *Evola v. Wendt Construction Co.*, 158 Cal. App. 2d 658, 323 P.2d 158 (1958); *Williams v. State*, 324 So. 2d 74 (Fla. 1975); *Haverstick et al. v. Banat, Extr.*, 165 Ind. App. 275, 331 N.E.2d 791 (1975). See, also, *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Lemke v. United States*, 346 U.S. 325, 74 S. Ct. 1, 98 L. Ed. 3 (1953).

We first address whether Janssen's October 8, 1996, notice of appeal was filed before a judgment had been rendered or entered. The appellate record in this case contains a copy of the district court's trial docket entry for October 2 which overrules Janssen's motion to apportion expenses and states that "[o]n its face, Neb. Rev. Stat. § 48-118 requires that a recovery take place before expenses and attorney's fees are allocated . . . ." However, the record does not show that this ruling was pronounced in open court, and thus, we cannot treat this trial docket entry as a final order. See, *Reutzel v. Reutzel, supra*; *Tri-County Landfill v. Board of Cty. Comrs.*, 247 Neb. 350, 526 N.W.2d 668 (1995); *In re Interest of J.A.*, 244 Neb. 919, 510 N.W.2d 68 (1994). Thus, the final order in this case is the order dated October 9, and as a result, Janssen's October 8 notice of appeal was premature.

However, we conclude that the premature filing of this notice of appeal does not deprive us of jurisdiction. In accordance with the requirements set forth in *Dale Electronics, Inc.*, the notice of appeal recites on its face that it is an appeal from the order entered by the district court on October 2, 1996. The findings recited in the order filed on October 9 are substantially similar to the findings documented by the district court in its October 2 trial docket entry. Consequently, the October 8 notice of appeal became effective upon the entry of the October 9 order, and we have jurisdiction to address the merits of this case.

We next address whether Yellow Freight should be required to share in the expenses of the litigation. At the time the petition in this case was filed, § 48-118 provided as follows:

> When a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person . . . . If either party after the giving of such notice *fails . . . to join* in the making of such claim and the prosecuting of the suit, such party shall waive any and all claims or causes of action for improper prosecution of such suit or inadequacy of a settlement made in accordance herewith, and the party bringing the claim or prosecuting the suit shall be entitled to deduct from any amount recovered the reasonable expenses of making such recovery, including a reasonable sum for attorney's fees, which . . . shall be apportioned by the court between the parties as their interests appear at the time of such recovery. . . .
>
> If the employee or his or her personal representative or the employer or his or her compensation insurer *join in* the prosecuting of such claim and are represented by counsel, the reasonable expenses and the attorney's fees shall be, unless otherwise agreed upon, divided between such attorneys as directed by the court before which the case is pending . . . .

(Emphasis supplied.)

Whether a party has joined in the prosecuting of a claim is an important consideration when it comes to allocating the costs of the litigation pursuant to § 48-118. If the employer is not joined,

then there must be a recovery before the nonjoined employer is liable for attorney fees. See, *Moyer v. Douglas & Lomason Co.*, 212 Neb. 680, 325 N.W.2d 648 (1982) (court allocated costs because nonjoined party had benefited from suit); *Kaiman v. Mercy Midlands Medical & Dental Plan*, 1 Neb. App. 148, 491 N.W.2d 356 (1992) (recognizing that employer who benefits from third-party tort litigation must share expense). See, also, *Kindred v. City of Omaha Emp. Ret. Sys.*, 252 Neb. 658, 564 N.W.2d 592 (1997) (common fund doctrine requires there be monetary recovery prior to allocation of fees). Once a recovery is obtained, the party bringing the claim can deduct from the recovery reasonable expenses incurred in making the recovery.

However, joined parties may be liable for costs even if there is no recovery. The applicable provision of § 48-118 states that "[i]f the . . . employer or his or her compensation insurer *join in* the prosecuting of such claim and are represented by counsel, the reasonable expenses and the attorney's fees shall be . . . divided between such attorneys as directed by the court . . . ." (Emphasis supplied.) Pursuant to this provision, recovery is not a requirement before expenses and attorney fees can be apportioned as costs.

Janssen argues that if the employer joins in the employee's prayer for relief, the employer has joined the action and therefore is liable for its proportionate share of the costs of the litigation. Janssen correctly argues that if Yellow Freight joined in the prosecuting of the claim, it would be liable for costs, if the district court deemed it appropriate, even if no recovery was obtained. Thus, the issue before us is whether Yellow Freight's participation in this suit qualifies as joining in the prosecuting of the claim pursuant to § 48-118. Because this matter is a question of statutory interpretation, we reach a conclusion independent of that reached by the trial court. See *Abboud v. Papio-Missouri River NRD*, 253 Neb. 514, 571 N.W.2d 302 (1997).

In support of his claim that Yellow Freight joined in the prosecuting of the claim, Janssen relies upon *Rehn v. Bingaman*, 152 Neb. 171, 40 N.W.2d 673 (1950). In *Rehn*, the plaintiff obtained a money judgment against Bingaman. John P. Mainelli was made a party defendant for the sole purpose of protecting subrogation rights under § 48-118 (1943). Ultimately, the plaintiff

did not recover. Thereafter, the mandate of this court was entered, and the trial court, in compliance with the mandate, dismissed the action and taxed the costs to both the plaintiff and Mainelli.

Mainelli contended that he should not have been charged with any portion of the costs for the reason that he merely asserted his right of subrogation to any amount recovered by the plaintiff under § 48-118. The record disclosed, however, that Mainelli had actively participated in the trial and that his attorney had participated in the trial by making an opening statement, examining and cross-examining witnesses, and demanding the right to argue in both opening and closing arguments. We held that Mainelli had adopted the position of the plaintiff for his own benefit, his own recovery being dependent upon the success of the plaintiff. We stated the following rule:

> Parties, who come in and adopt plaintiff's petition and seek to participate in its benefits, stand in a similar position as the plaintiff in regard to costs; and where an intervener reiterates the allegations of the petition, he is liable jointly with plaintiff for costs in the event of an adverse result.

*Rehn*, 152 Neb. at 176, 40 N.W.2d at 676. We stated further:

> One who is made a party defendant for the sole purpose of protecting a statutory right of subrogation is ordinarily not liable for costs other than his own; but where, as here, he adopts the position of the plaintiff and for all practicable purposes is a plaintiff, his liability for costs is the same as the plaintiff. Such party is in the same position as an intervener, cross-petitioner, or other party to the litigation who enters it for the advancement of his own interests.

*Id.* Thus, we held that the costs were properly assessed against both the plaintiff and Mainelli.

Yellow Freight relies on *Sterkel v. Fruehauf Corp.*, 975 F.2d 528 (8th Cir. 1992), for the position that it did not join in the prosecuting of the claim and, thus, should not be taxed for the costs of the suit. In *Sterkel*, the plaintiff had asked the district court to allocate fees between him and his employer based upon § 48-118. The plaintiff had been unsuccessful in the suit, and there had been no recovery. The district court denied the appli-

cation to allocate costs on the ground that the employer did not " 'join in the prosecuting of [the] claim' " and was, therefore, not responsible for the expenses of the litigation. *Sterkel*, 975 F.2d at 533.

The court of appeals stated that the "extent of an employer's participation in the litigation is the critical factor in determining whether the employer 'joined' the action." *Id*. The employer had filed a notice of appearance, filed an answer, answered interrogatories, attended depositions, and attended a pretrial conference, but had not participated in presenting evidence and did not sit at the counsel table or appear to be involved in the trial. The court of appeals concluded that the mere fact that the employer was made a party defendant and had filed an answer did not compel the conclusion that it had joined the employee's claim. The court of appeals held that the employer had not engaged in the level of involvement to constitute a joining in the employee's suit for purposes of § 48-118.

Here, Janssen argues that Yellow Freight joined in the prosecuting of the claim because it adopted his position in its prayer for relief, filed an answer, and informed Janssen in a letter prior to trial that it intended to "actively participate and pursue" its subrogation lien. The evidence of Yellow Freight's participation in the action is not disputed. Yellow Freight did not attend depositions, attend a pretrial conference, or attend or participate in the trial or the appeal. We conclude that Yellow Freight was a party defendant to this action for the sole purpose of protecting its statutory right of subrogation and, therefore, did not join in the prosecuting of the claim. Thus, Yellow Freight is not liable for any costs of the action, other than its own.

When the district court refused to apportion fees, it stated that such a division was possible only if and when Janssen obtained recovery. The district court erred in concluding that recovery by Janssen was a prerequisite to the allocation of reasonable expenses, for as already discussed, joined parties may be liable for costs.

However, the district court correctly refused to apportion expenses between Janssen and Yellow Freight. The critical fact was not that Janssen had not obtained a recovery, but that Yellow Freight had not joined in the prosecuting of the claim.

## CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.

McCORMACK, J., concurring in part, and in part dissenting.

I concur with the holding of the majority that it is not necessary for a plaintiff to obtain a recovery in order to require the subrogation interest of the employer or the employer's insurer to participate in the costs.

I respectfully dissent, however, from that portion of the majority opinion holding that Yellow Freight did not join in the prosecution of the claim and, therefore, is not liable for its proportionate share of Janssen's costs.

Having filed an answer adopting Janssen's prayer for relief, Yellow Freight has, in the words of Neb. Rev. Stat. § 48-118 (Reissue 1993), joined in the presentation of the claim. Section 48-118 provides that Yellow Freight shall have an equal voice in the claim in the prosecution of the suit. It also provides that any settlement of Janssen's case would be void unless "such settlement [is] agreed upon in writing by the employee or his or her personal representative *and the insurer* of the employer if there is one, and if there be no insurer, *then by the employer . . . .*" (Emphasis supplied.) § 48-118.

In Janssen's motion to apportion expenses, paragraph No. 3 states:

> [D]uring settlement negotiations at the time of the first and second trial the said defendant Yellow Freight Systems, Inc. refused to discount or discuss a compromise settlement of their claim which was in the amount of $52,114.89. As a result thereof, settlement negotiations completely broke down necessitating a second trial which resulted in a verdict in favor of defendant Tomahawk Oil Co., Ltd.

That Yellow Freight did not attend depositions, attend a pretrial conference, or attend or participate in the trial are choices made by Yellow Freight, and those choices should not operate to Janssen's detriment. In this case, the allegation is made that Yellow Freight's intransigence in insisting upon 100 percent of its subrogation claim hindered settlement negotiations. In negotiating over its subrogation claim, Yellow Freight was obviously

exercising its "equal voice" in the prosecution of the suit as set out in § 48-118. What the employer or employer's insurer is requesting in this case is to be given a free ride, with there being no downside or detriment in the form of potential costs in the event of an unfavorable verdict.

As was held in *Kaiman v. Mercy Midlands Medical & Dental Plan*, 1 Neb. App. 148, 491 N.W.2d 356 (1992), the Nebraska Court of Appeals, in reciting the history of *Krause v. State Farm Mut. Auto. Ins. Co.*, 184 Neb. 588, 169 N.W.2d 601 (1969), and *United Services Automobile Assn. v. Hills*, 172 Neb. 128, 109 N.W.2d 174 (1961), stated:

> [T]he decisions show an unwillingness to allow the holder of the subrogated interest to have a "free ride" from the effort of the plaintiff and his or her attorney, who successfully bring the action which results in the creation of the fund which satisfies the subrogated interest. The concept that the employer or compensation insurer who benefits from third-party tort litigation must share in the expenses thereof is now codified in the Nebraska Workers' Compensation Act, Neb. Rev. Stat. § 48-118 (Reissue 1988).

*Kaiman*, 1 Neb. App. at 152, 491 N.W.2d at 358.

Since our holding in the instant case makes the issue of recovery irrelevant in answering the question of whether the employer or the employer's insurance carrier should participate in the costs, I can see no reason why the opportunity should be given to the employer or the employer's insurance carrier to have a "free ride" and participate if the employee wins, but not participate if the employee loses.

I would hold that Yellow Freight did join in the prosecution of the claim and, therefore, reverse the decision of the Court of Appeals and remand the cause for a further hearing to determine the proportion of the costs to be paid by Janssen and the proportion of the costs to be paid by Yellow Freight.