RICHARD E. AUSTIN, APPELLANT, V.
JEFFREY K. SCHARP ET AL., APPELLEES.

604 N.W.2d 807

Filed December 23, 1999.   No. S-98-616.

Gordon R. Hauptman and Matthew A. Lathrop, of Hauptman, O'Brien, Wolf & Lathrop, P.C., for appellant.

John W. Iliff, of Gross & Welch, P.C., for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Richard E. Austin appeals from an order of the district court for Douglas County, Nebraska, which determined pursuant to Neb. Rev. Stat. § 48-118 (Reissue 1998) that Andy's Tires, Inc., and its workers' compensation insurance carrier were entitled to satisfaction of their subrogation lien out of proceeds from a third-party settlement obtained by Austin without obligation for any portion of the attorney fees and expenses which Austin incurred in obtaining the settlement. We conclude that the district court erred in its application of § 48-118 and, therefore, reverse, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 1995, Austin was a passenger in a motor vehicle which was struck from behind by a vehicle operated by Jeffrey K. Scharp and owned by Midland Recycling L.L.C. (Midland), Scharp's employer. At the time of the accident, Austin was acting within the scope of his employment with Andy's Tires, and accordingly, he received workers' compensation benefits paid by Cincinnati Insurance Company (Cincinnati) as insurer of Andy's Tires. Austin retained an attorney to prosecute a personal injury claim against Scharp and Midland, agreeing to a fee of one-third of the total amount recovered plus payment of expenses. Austin's attorney notified Cincinnati of the claim. Shortly after he was retained, Austin's attorney conducted an investigation of the accident, gathered medical and wage-loss records, and initiated communication with the liability insurance carrier for Midland and Scharp. The attorney also prepared and submitted a "settlement package," which included an itemized and tabulated collection of Austin's medical bills, records and reports, and documentation of wage loss.

When settlement negotiations proved unsuccessful, Austin's attorney filed this action against Scharp and Midlands in the district court for Douglas County on February 1, 1996. Andy's Tires was named as a codefendant "solely in accordance with

Section 48-118 of the Nebraska Workers' Compensation Act." Thereafter, Cincinnati retained an attorney on behalf of Andy's Tires to protect its subrogation interest. Andy's Tires' attorney filed an answer which asserted the subrogation lien for workers' compensation benefits paid to Austin on behalf of the employer but did not seek any affirmative relief against Scharp or Midland.

After filing suit and obtaining service upon the defendants, Austin's attorney conducted written discovery and assisted Austin in responding to discovery requests propounded by Scharp and Midland. He also retained expert witnesses, participated in several depositions, and prepared the case for trial. Throughout this period, Austin's attorney and the attorneys representing Scharp and Midland sent copies of some, but not all, documents filed in the case to Andy's Tires' attorney, who testified that he was not notified of any of the depositions in the case, except that of Austin, which was the only deposition he attended. The record discloses that certificates of service accompanying 30 documents filed in the action between March 22, 1996, and September 23, 1997, do not reflect service on the attorney representing Andy's Tires, notwithstanding his appearance of record when the answer was filed on February 22, 1996. The attorney for Andy's Tires responded to two sets of interrogatories received from Austin's attorney, but did not initiate any discovery, conduct any investigation, retain expert witnesses, or otherwise participate in preparing the case for trial. The attorney for Andy's Tires testified that for a period of approximately 2 years while the suit was pending, he had no knowledge of what was being done by Austin's attorney and made no effort to find out because he felt that the burden was upon Austin's attorney to initiate discovery.

Shortly before the case was scheduled for trial, the attorneys for Austin, Scharp, and Midland agreed to submit the case to mediation. The mediation session was scheduled for Monday, October 27, 1997. On Friday, October 24, Austin's counsel contacted the Cincinnati claims representative assigned to the case and advised him of the scheduled mediation. The adjuster did not request that the mediation be postponed, and neither he nor Austin's attorney notified counsel of record for Andy's Tires of

the scheduled mediation which occurred without that attorney's participation.

The mediation resulted in a settlement whereby the liability insurer for Scharp and Midland agreed to pay $42,250 on their behalf in exchange for dismissal of the lawsuit and a release and indemnity agreement which included an agreement by Austin's attorney and his firm

> to reimburse and pay [Scharp, Midland, and their insurance carrier and attorneys] any costs, damages, losses, attorney's fees or expenses, including the full extent of any subrogation interest of Richard E. Austin's employer, Andy's Tires, Inc. and its workers' compensation carrier, Cincinnati Insurance, which the parties discharged herein may be compelled to pay or may suffer in any manner whatsoever by reason of any such claim or cause of action by Andy's Tires, Inc. and its workers' compensation insurance carrier . . . .

Neither Cincinnati nor Andy's Tires were parties to this agreement. In a letter dated November 17, 1997, transmitting the executed agreement to counsel for Scharp and Midland, Austin's attorney stated: "I am continuing to fight with the workers' compensation carrier with regard to any subrogation they are entitled to. Hopefully that will be resolved in the next couple of weeks."

On November 25, 1997, the action was dismissed without prejudice due to noncompliance with a progression order. On December 19, a motion was filed on behalf of Andy's Tires requesting reinstatement and adjudication of its subrogation rights in the settlement proceeds. The motion recited that Andy's Tires and Cincinnati had been advised of the mediation and settlement of Austin's claim by correspondence dated October 30, 1997, and had declined a proposed settlement of their subrogation lien. The case was reinstated, and an evidentiary hearing was held on April 2, 1998. At the commencement of the hearing, counsel for Austin and Andy's Tires advised the court that the only matter in dispute was whether a portion of the fees and expenses of Austin's attorney should be payable out of the portion of the settlement to which Andy's Tires and Cincinnati were entitled by virtue of their workers' compensation subrogation rights.

In a memorandum and order entered on May 29, 1998, the district court determined that Andy's Tires and Cincinnati had no obligation to pay any of the attorney fees or costs out of the subrogation recovery, which amounted to $24,842.09, and that the entire amount which had been deposited in the registry of the court should be paid to Cincinnati with accrued interest. The court reasoned that although Austin's counsel rendered legal services "of the highest caliber" to his client, he failed to give counsel for Andy's Tires advance notice of discovery, hearings, mediation and settlement, and "may have compromised the third party claim for an amount that would not match [Andy's Tires'] liability under the Worker's Compensation Act, in absence of a third party claim." The district court concluded that under these circumstances, § 48-118 gave Andy's Tires the option of moving to have the settlement declared void or seeking its approval as made, without the imposition of attorney fees. The court found that because Andy's Tires and Cincinnati had chosen the latter option, the court was bound by the statute to enforce that choice.

Austin perfected a timely appeal, which we removed to our docket pursuant to our authority to regulate the caseloads of Nebraska appellate courts.

## ASSIGNMENTS OF ERROR

Austin contends, summarized and restated, that the district court erred (1) in determining that the "common fund" doctrine does not apply to cases arising under § 48-118; (2) in finding that Austin's counsel chose to exclude Andy's Tires' counsel from meaningful participation in the third-party claim; (3) in failing to find that Andy's Tires' counsel did not fully and adequately represent its subrogation interest and relied upon Austin's counsel to effect the subrogation recovery; (4) in determining that Andy's Tires could obtain court approval of the settlement without an imposition of attorney fees due to the failure of Austin's counsel to provide notice of discovery, hearings, mediation, and settlement; and (5) in denying Austin's request for attorney fees to be paid out of the settlement proceeds attributable to the employer's subrogation interest in accordance with § 48-118.

## STANDARD OF REVIEW

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *City of Omaha v. Morello*, 257 Neb. 869, 602 N.W.2d 1 (1999); *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999); *Janssen v. Tomahawk Oil Co.*, 254 Neb. 370, 576 N.W.2d 787 (1998).

## ANALYSIS

Resolution of the issues presented by this appeal rest upon application of the provision of the Nebraska Workers' Compensation Act, codified at § 48-118, which provides in pertinent part:

When a third person is liable to the employee [receiving workers' compensation benefits] . . . for the [compensable] injury . . . the employer shall be subrogated to the right of the employee . . . against such third person . . . . Nothing in the Nebraska Workers' Compensation Act shall be construed to deny the right of an injured employee . . . to bring suit against such third person in his or her own name . . . based upon such liability, but in such event an employer having paid or paying compensation to such employee . . . shall be made a party to the suit for the purpose of reimbursement, under the above provided right of subrogation, of any compensation paid. Before the making of a claim or the bringing of suit against such third person by the employee . . . or by the employer or his or her insurer, each shall give to all others, unless waived in writing, notice of not less than thirty days, by certified or registered mail, an opportunity to join in the making of such claim or the instituting of an action and to be represented by counsel. . . . Each shall have an equal voice in the claim and the prosecution of such suit and any dispute arising shall be passed upon by the court before which the case is pending and if no action is pending then by the district court in which such action could be brought. If either party after the giving of such notice fails, by and through his or her attorney, to join in the making of such claim and the prosecuting of

the suit, such party shall waive any and all claims or causes of action for improper prosecution of such suit or inadequacy of a settlement made in accordance herewith, and the party bringing the claim or prosecuting the suit shall be entitled to deduct from any amount recovered the reasonable expenses of making such recovery, including a reasonable sum for attorney's fees, which expenses and attorney's fees shall be prorated to the amounts payable to the employer or his or her insurer under the above right of subrogation and to the amount in excess of such amount payable to the employer or his or her insurer under his or her right of subrogation, and which expenses and attorney's fees shall be apportioned by the court between the parties as their interests appear at the time of such recovery. If either party makes the claim or prosecutes such action without the giving of a notice to the other party, the party bringing the claim and prosecuting such action shall not deduct expenses or attorney's fees from the amount payable to the other party.

If the employee . . . or the employer or his or her compensation insurer join in the prosecuting of such claim and are represented by counsel, the reasonable expenses and the attorney's fees shall be, unless otherwise agreed upon, divided between such attorneys as directed by the court before which the case is pending and if no action is pending then by the district court in which such action could be brought. A settlement of any lawsuit commenced under this section shall be void unless (1) such settlement is agreed upon in writing by the employee . . . and the insurer of the employer if there is one, and if there is no insurer, then by the employer, or (2) in the absence of such agreement, the court before which the action is pending determines that the settlement offer is fair and reasonable considering liability, damages, and the ability of the third person and his or her liability insurance carrier to satisfy any judgment.

█ We first address the question of whether Andy's Tires received the "notice" of Austin's claim against Scharp required by § 48-118. We have held that substantial compliance with the

notice requirement of § 48-118 is sufficient and that the requirement is met when the other party receives actual notice of a third-party claim and an opportunity to join in its prosecution. *Versch v. Tichota*, 192 Neb. 251, 220 N.W.2d 8 (1974); *Gillotte v. Omaha Public Power Dist.*, 189 Neb. 444, 203 N.W.2d 163 (1973), *disapproved on other grounds, Nekuda v. Waspi Trucking, Inc.*, 222 Neb. 806, 388 N.W.2d 438 (1986). Notice may be waived in writing, or waiver may be implied from unequivocal conduct. *Versch, supra*; *Gillotte, supra*. In *Versch*, we held that an unequivocal waiver of notice occurred where the employer was joined as a party to determine its subrogation rights in an action commenced by the compensated employee against a third party and the employer entered a voluntary appearance in that action. In the present case, the answer filed by Andy's Tires, in which it asserted its subrogation lien against the recovery Austin sought from Scharp and Midland, constituted an unequivocal waiver of the notice required by § 48-118. While it is apparent that counsel for Andy's Tires did not receive notice of certain discovery proceedings or of the mediation which resulted in the settlement, it is clear that at all relevant times, Andy's Tires had actual knowledge of the lawsuit in which the third-party claim was asserted, which is all that the statute requires. The legal significance of Austin's failure to apprise counsel for Andy's Tires of events occurring after the entry of his appearance in the lawsuit will be discussed later in this opinion.

As noted, § 48-118 provides that

[i]f either party after the giving of such notice fails, by and through his or her attorney, *to join in the making of such claim and the prosecuting of the suit* . . . the party bringing the claim or prosecuting the suit *shall be entitled* to deduct from any amount recovered the reasonable expenses of making such recovery, including a reasonable sum for attorney's fees . . . .

(Emphasis supplied.) Having determined that Andy's Tires had notice of the third-party suit, our next inquiry is whether Andy's Tires joined in its prosecution.

The extent of a subrogated employer's participation in third-party litigation initiated by an injured employee is the crit-

ical factor in determining whether the employer has "joined" the action within the meaning of § 48-118. *Janssen v. Tomahawk Oil Co.*, 254 Neb. 370, 576 N.W.2d 787 (1998). In *Janssen, supra,* we considered whether a subrogated employer had joined in the prosecution of an unsuccessful third-party claim initiated by a compensated employee so as to incur liability for a portion of the costs under § 48-118. See *Rehn v. Bingaman*, 152 Neb. 171, 40 N.W.2d 673 (1950) (holding that employer who actively participated in trial of employee's third-party liability claim was equally liable with employee for costs of unsuccessful suit). The employer in *Janssen* filed an answer asserting its subrogation lien and informed the employee that it intended to " 'actively participate and pursue' " the lien, but did not participate in depositions, a pretrial conference, trial, or the appeal. 254 Neb. at 377, 576 N.W.2d at 791. We concluded that the employer was not responsible for any of the costs which its employee incurred in unsuccessfully pursuing the third-party claim because it "was a party defendant . . . for the sole purpose of protecting its statutory right of subrogation and, therefore, did not join in the prosecuting of the claim." *Id.* at 377, 576 N.W.2d at 791-92. See *Sterkel v. Fruehauf Corp.*, 975 F.2d 528 (8th Cir. 1992) (holding that filing answer asserting subrogation lien in employee's action against third party, answering interrogatories, attending depositions, and attending pretrial conference and commencement of trial did not constitute "joining" in employee's suit for purposes of § 48-118 where employer was not involved in trial and did not exercise any voice in investigation or prosecution of employee's case).

The record reflects that after receiving notice of Austin's action against Scharp and Midland, Andy's Tires did nothing more than file an answer to assert and protect its subrogation lien and respond to two sets of interrogatories propounded by Austin. Applying the same rationale as we did in *Janssen*, we conclude that Andy's Tires did not join in the prosecution of Austin's claim within the meaning of § 48-118.

We are not persuaded by Andy's Tires' contention that it was prevented from active participation in the litigation against Scharp and Midland by the failure of Austin's counsel to serve pleadings and discovery documents on its attorney or to notify

him of the scheduled mediation which resulted in settlement. Once it became a party to the suit, Andy's Tires had an "equal voice" in its prosecution by operation of § 48-118. Andy's Tires was not relegated to the reactive posture suggested by the testimony of its attorney, but had every right to seek affirmative relief against Scharp and Midland, to initiate discovery, to retain expert witnesses, and to take all other steps normally associated with the "prosecution" of a civil claim. Thus, because Andy's Tires had notice of the claim and either failed to exercise its statutory right to join in the prosecution of the action or chose not to do so, it is subject to the mandatory directive of § 48-118 that such conduct

> *shall* waive any and all claims or causes of action for improper prosecution of such suit or inadequacy of a settlement . . . and the party bringing the claim or prosecuting the suit *shall be entitled* to deduct from any amount recovered the reasonable expenses of making such recovery, including a reasonable sum for attorney's fees . . . .

(Emphasis supplied.)

We share the concern of the district court regarding the failure of Austin's attorney to serve copies of all pleadings and discovery documents upon counsel of record for Andy's Tires and to notify him of the scheduled mediation, which is contrary to familiar standards of professional practice and common courtesy among lawyers. However, we reach a different conclusion as to the consequence of these facts under § 48-118. If Andy's Tires believed that the conduct of Austin's counsel was prejudicial to its subrogation interest, it could have invoked the provision of § 48-118 which authorizes the district court to declare as void a settlement between an injured employee, who has received workers' compensation benefits, and a third party if it is not agreed to in writing by the employer or its insurer. By obtaining such a declaration, Andy's Tires would have restored its right to prosecute its subrogation claim utilizing its own attorney and thereby avoided potential liability for any portion of Austin's attorney fees. But where, as in the present case, an employer elects not to utilize this remedy, we do not read § 48-118 to permit the employer to realize the benefit of recov-

ery of its subrogation interest without sharing the cost of obtaining that recovery.

## CONCLUSION

The record contains uncontroverted evidence that Andy's Tires had notice of the third-party liability claim initiated by Austin and did not exercise its right to join in the prosecution of that claim. Although Andy's Tires could have sought a declaration that the eventual settlement agreement was void because it was entered into without Andy's Tires' written agreement, it did not do so. We conclude that under these circumstances, Andy's Tires is obligated under § 48-118 to reimburse Austin for reasonable attorney fees and expenses incurred in the recovery of the subrogation interest. We therefore reverse the judgment and remand the cause to the district court for determination of such amounts.

REVERSED AND REMANDED.